UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>ENEE</small> K<small>ING</small>,

    Petitioner,

v.

A<small>NTHONY</small> S<small>TEWART</small>,

    Respondent.
_____/

Case No. 15-cv-13876

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>PINION</small> A<small>ND</small> O<small>RDER</small> (1) C<small>ONSTRUING</small> P<small>ETITIONER</small>'<small>S</small> A<small>PPLICATION</small> F<small>OR</small> A C<small>ERTIFICATE</small> O<small>F</small> A<small>PPEALABILITY</small> A<small>S</small> A T<small>IMELY</small> F<small>ILED</small> N<small>OTICE</small> O<small>F</small> A<small>PPEAL</small>, (2) D<small>ENYING</small> T<small>HE</small> M<small>OTION</small> F<small>OR</small> R<small>ECONSIDERATION</small>, A<small>ND</small> (3) D<small>IRECTING</small> T<small>HE</small> C<small>LERK</small> O<small>F</small> T<small>HE</small> C<small>OURT</small> T<small>O</small> T<small>RANSFER</small> T<small>HE</small> P<small>ETITION</small> F<small>OR</small> A C<small>ERTIFICATE</small> O<small>F</small> A<small>PPEALABILITY</small> [9] T<small>O</small> T<small>HE</small> U<small>NITED</small> S<small>TATES</small> C<small>OURT</small> O<small>F</small> A<small>PPEALS</small> F<small>OR</small> T<small>HE</small> S<small>IXTH</small> C<small>IRCUIT</small>**

On March 20, 2017, the Court denied Petitioner's application for a writ of habeas corpus, denied her a certificate of appealability, and denied her leave to appeal *in forma pauperis*.

On April 13, 2017, Petitioner signed and dated an "Application for Certificate of Appealability."[1] This Court construes the application as a timely

---

[1] Under the "prison mailbox rule," submissions by *pro se* petitioners are considered filed at the moment of delivery to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 271–72 (1988). This Court considers Petitioner's application for a certificate of appealability filed on April 13, 2017, the date she signed and dated the application.

1

filed notice of appeal. The Court further treats this pleading in part as a motion for reconsideration of the Court's previous decision to deny Petitioner a certificate of appealability. For the reasons that follow, the Court denies Petitioner's motion for reconsideration. The Court orders that Petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

Petitioner in her application for a certificate of appealability indicates that she has filed a notice of appeal.[2] This Court has reviewed the docket and there is no indication of a separate notice of appeal being filed.

Federal Rule of Appellate Procedure 4(a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

The United States Supreme Court has held that the requirements of Federal Rule of Appellate Procedure 3(c), which governs the contents of a notice of appeal, are to be "liberally construed." *Smith v. Barry*, 502 U.S. 244, 248 (1992). A notice

---

[2] *See* Application for Certificate of Appealability, Dkt. No. 9, p. 1 (Pg. ID 2364).

of appeal must "specifically indicate the litigant's intent to seek appellate review." *Id.* at 248. However, this requirement should not be used to dismiss an appeal for "informality of form or title of the notice of appeal." *Id.* at 249 (quoting FED. R. APP. P. 3(c)(4)). "Functional rather than formalistic compliance [with Rule 3(c)] is all that is required." *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006).

The Sixth Circuit held that a *pro se* application for a certificate of probable cause (the precursor to and functional equivalent of a motion for a certificate of appealability) filed within the time limits of Federal Rule of Appellate Procedure 4(a) can serve as a notice of appeal. *McMillan v. Barksdale*, 823 F.2d 981, 982–23 (6th Cir. 1987). Other cases have held that a motion for a certificate of appealability can act as the functional equivalent of a timely filed notice of appeal if it evinces an intent to appeal the decision denying a habeas petition or motion to vacate sentence. *Lee v. Williamson*, 297 F. App'x 147, 148 n.2 (3rd Cir. 2008); *Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999); *Carson v. Director of Iowa Dept. of Corrections*, 150 F.3d 973, 975 (8th Cir. 1998). Petitioner has evinced an intent to appeal this Court's decision; this Court construes the application for a certificate of appealability as a timely filed notice of appeal.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration that presents the same

issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002) (citing to E.D. Mich. LR 7.1(g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.* A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

The Court denied Petitioner a certificate of appealability when it denied the petition for a writ of habeas corpus. The Court construes Petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F.3d 1290, 1294, n.5 (11th Cir. 2006).

Petitioner's motion for reconsideration is denied, because she is merely presenting issues that were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied Petitioner's habeas application and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

The proper procedure when a district court denies a certificate of

appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for a writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001) (citing FED. R. APP. P. 22(b)(1)). The Court denied Petitioner a certificate of appealability; therefore, Petitioner should direct her request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, orders that Petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED THAT**:

(1) The Application for a Certificate of Appealability is construed as a timely filed notice of appeal.

(2) The motion for reconsideration is **DENIED**.

(3) The Clerk of the Court shall transfer Petitioner's "Application for a Certificate of Appealability," Dkt. No. 9, to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

Dated: April 24, 2017

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2017.

                s/Teresa McGovern
                TERESA MCGOVERN
                Case Manager Generalist